# United States Court of Appeals
## For the First Circuit

Nos. 97-1583
     98-2021

ANTONIA TRINIDAD AYBAR-ALEJO,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

APPEAL FROM THE BOARD OF IMMIGRATION APPEALS

Before

Boudin and Lipez, <u>Circuit Judges</u>,
and Casellas, <u>District Judge</u>.*

<u>Randy Olen, Esq.</u> for petitioner.

<u>Lorri Shealy Unumb</u>, with whom <u>David W. Ogden</u>, Acting Assistant Attorney General, <u>Richard M. Evans</u>, Assistant Director, and <u>John L. Davis</u>, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Civil Division, were on brief for respondent.

November 1, 2000

_____

*Of the District of Puerto Rico, sitting by designation.

**LIPEZ, Circuit Judge**.   During a cocaine-trafficking investigation in 1990, the police conducted a search of Antonia-Aybar-Alejo's residence, where they found a .38 caliber derringer pistol loaded with two live rounds of ammunition.  She was charged with possession of a firearm by an alien under Rhode Island law.  Alejo pled nolo contendre to the firearms charge in 1992; a second charge for cocaine possession was dismissed.

Petitioner was placed into deportation proceedings on November 10, 1992.  The Immigration Judge found Alejo deportable under Section 241(a)(2)(C) of the Immigration and Nationality Act (INA) due to her conviction for firearm possession.  Subsequently, the Board of Immigration Appeals (BIA) dismissed Alejo's appeal, finding that she had been convicted of possession of a firearm and was not eligible for suspension of deportation.

Alejo was convicted under R.I.G.L. § 11-47-7, which states the following:

> No unnaturalized foreign born person who entered the United States in violation of the laws of the United States or, having legally entered the United States in a lawful manner but now remains in the United States in violation of the laws of the United States, shall purchase, own, carry, transport, or have <u>in his or her possession or under his or her control</u> any firearm.

(Emphasis added.)

Petitioner argues that either possession or control of the firearm is a possible offense under the Rhode Island statute, and that conviction for control of the firearm would not make her deportable. We hold that "control" of the firearm under the Rhode Island law constitutes constructive possession of a firearm and, thus, a violation of federal immigration law. Given Alejo's conviction of a deportable offense, we have no jurisdiction to review her petition. Accordingly, we must dismiss it.

## I.

**Possession of a Firearm under the INA**

We must first ascertain whether the INA intends a

distinction between possession and control of a firearm.[1]

Section 241(a)(2)(C) of the Act specifies:

> Certain firearm offenses. Any alien who at any time after admission is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) in violation of any law is deportable.

8 U.S.C. § 1227(a)(2)(C).

Although we have not found cases addressing the meaning of "possession" under this provision, we have found cases dealing with firearm possession under other federal laws. Those cases make clear that possession means both actual and

_____

[1]Appellate review of deportation determinations is curtailed by Section 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, 1277 ("AEDPA") (enacted April 24, 1996), and subsequently by Section 309(c)(4)(G) of the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996, Pub.L.No. 104-208, 110 Stat. 3009 ("IIRIRA")(enacted September 30, 1996). Because Alejo was in deportation proceedings prior to April 1, 1997, this action is governed by the transitional rules of section 309(c)(4) of the IIRIRA, which apply to judicial review of deportation orders entered on or after October 31, 1996. These rules state: "there shall be no appeal permitted in the case of an alien who is...deportable by reason of having committed a criminal offense covered in section...241(a)(2)(A)(iii), (B), (C), or (D) of the [INA]." IIRIRA § 309(c)(4)(G). We may determine whether Alejo was convicted of a crime encompassed by this section. If we find that petitioner was in fact convicted of such an offense, we must dismiss for lack of jurisdiction. See Maghsoudi v. INS, 181 F.3d 8, 12 (1999).

constructive possession, with the latter involving the concept of control. "[W]hile actual possession involves physical contact or like

intimate association with the object possessed, constructive possession may be shown by evidence of an exercise of indirect dominion or control, either personally or through others, over objects not touched or otherwise directly controlled." Russell G. Donaldson, What Constitutes Actual or Constructive Possession of Unregistered or Otherwise Prohibited Firearm in Violation of 26 U.S.C.A. § 5861, 133 A.L.R. Fed. 347 (2000). See United States v. Hernandez, 995 F.2d 307, 313 (1st Cir. 1993)(affirming conviction under 18 U.S.C. § 922(g)(1) for possession that was constructive when firearm was on the person of a co-conspirator); United States v. Smith, 930 F.2d 1081, 1086 (5th Cir. 1991)(finding control and dominion over firearm or premises to qualify as possession in violation of 26 U.S.C. § 5861 and 18 U.S.C. § 922(g)(1)); United States v. Diecidue, 603 F.2d 535, 564 (5th Cir. 1979); United States v. Wells, 721 F.2d 1160, 1162 (8th Cir. 1983); United States v. Barron-Rivera, 922 F.2d 549, 552 (9th Cir. 1991)("The requisite showing of possession may be made by proof of actual or constructive possession," under 18 U.S.C. § 922(g)(1) and (5)); United States v. Hernandez, 913 F.2d 1506, 1514 (10th Cir. 1990)("An alien may possess a firearm

-5-

for purposes of § 922 through actual or constructive possession.").[2]  Indeed, we have stated, "Constructive possession, however, is possession." United States v. Rogers, 41 F.3d 25, 29 (1st Cir. 1994)(commenting on violation of 18 U.S.C. § 922(g)(1), convicted felon in possession of a firearm).  See also United States v. Maldonado, 23 F.3d 4, 6 (1st Cir. 1994), cert. denied, 115 S. Ct. 451 (1994); United States v. Lamare, 711 F.2d 3, 5-6 (1st Cir. 1983).  Furthermore, "constructive possession...may be inferred from a defendant's dominion and control." United States v. Echeverri, 982 F.2d 675, 678 (1st Cir. 1993).  See also Maldonado, at 7.

Although we are bound to construe ambiguity in favor of the alien where it occurs, see Costello v. INS, 376 U.S. 120, 128 (1964); Fong Haw Tan v. Phelan, 333 U.S. 6, 10 (1948); Pacheco v. INS, 546 F.2d 448, 449 (1st Cir. 1976), cert. denied, 430 U.S. 985 (1977)(acknowledging principle), we discern no ambiguity in the meaning of "possessing" or "possess" in section 241(a)(2)(c).  Those words include constructive possession, which means the exercise of dominion or control over the firearm.

---

[2] Like conclusions have been reached in cases involving possession of marijuana, cocaine and other contraband. See, e.g., United States v. Williams-Hendricks, 805 F.2d 496, 500 (5th Cir. 1986)(regarding violation of 21 U.S.C. § 952(a), importation of controlled substance or narcotic drug).

**The State Law Conviction**

As noted, Alejo argues that the separate references to possession and control in the Rhode Island statute mean that conviction for control of a firearm cannot mean conviction for possession of a firearm. See supra. We disagree. The statute simply describes both actual possession, "in his or her possession", and constructive possession, "under his or her control."

We find confirmation for this view in decisions of the Rhode Island Supreme Court. "Possession of an object can be either actual or constructive. Constructive possession of an object occurs when an individual exercises dominion and control over such object even though it is not within his immediate physical possession." State v. Jenison, 442 A.2d 866, 875 (R.I. 1982)(involving conviction under R.I.G.L. § 12-12-1.7 for possession of a controlled substance with intent to deliver). See also State v. Reyes, 671 A.2d 1236, 1238 (R.I. 1996)(finding constructive possession to be the same as possession for purposes of conviction under R.I.G.L. § 11-47-8, which involves any firearm "in his or her possession or under his or her control"). Rhode Island law embraces the familiar principle that constructive possession, meaning dominion and control over

-7-

an item, is tantamount to actual possession.  Accordingly, Alejo's conviction for possession of a firearm by an alien under R.I.G.L. § 11-47-7 means that she was convicted of possessing a firearm within the meaning of section 241(a)(2)(c) of the INA, and she is therefore deportable.

## III.

## Conclusion

Alejo's record of conviction is for a firearm offense governed by the INA.  We have no further authority to review the decision of the BIA.  We dismiss for lack of jurisdiction.

**Petition dismissed.**