Jose VALERIO–OCHOA, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70529.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2001

Filed Feb. 15, 2001

As Amended April 25, 2001.

---

Raul M. Montes, Armando M. Montes
and Gilbert M. Montes; Montes, Montes &

Montes; San Diego, California, for the petitioner.

Brian Slocum and Margaret Perry; United States Department of Justice; Washington, D.C., for the respondent.

Before: TROTT, THOMAS and BERZON, Circuit Judges.

THOMAS, Circuit Judge:

We consider in this appeal whether discharging a firearm in violation of California Penal Code § 246.3 is a deportable firearms offense pursuant to 8 U.S.C. § 1227. We conclude that it is, and dismiss Valerio–Ochoa's petition for review for lack of jurisdiction pursuant to IIRIRA § 309(c)(4)(G).

I

Jose Valerio–Ochoa is a thirty-two-year-old native and citizen of Mexico, and a lawful permanent resident of the United States. He first entered the United States without inspection from Mexico in 1983. On December 1, 1990, he adjusted his status to that of lawful permanent resident pursuant to INA § 210(A), the Immigration Reform and Control Act of 1986. He has joint legal custody of a six-year-old United States citizen daughter by his former wife, Nancy Lopez, from whom he divorced in March, 1997. He has been employed since his arrival in the United States, first as a fieldworker, and later as an employee at various scaffolding companies.

On October 12, 1995, Valerio–Ochoa was convicted, by guilty plea, of discharging a firearm in a grossly negligent manner in violation of California Penal Code § 246.3. In his written guilty plea, Valerio–Ochoa initialed a provision wherein he acknowledged that his plea of guilty might adversely affect his immigration status. He served 150 days' custody in a sheriff's honors camp, followed by three years' proba-

tion. Valerio–Ochoa has no other criminal record.

On December 15, 1995, the Immigration and Naturalization Service ("INS") served him with an Order to Show Cause why he was not deportable under INA § 241(a)(2)(C) based upon the California conviction. Valerio–Ochoa contested deportability. He maintained that because his conviction "sounded in negligence," and was not a criminal use of a firearm, he did not fit within the meaning of the firearm provision of the INA, § 241(a)(2)(C). The immigration judge found that Valerio–Ochoa's conviction for discharging a firearm conclusively established deportability under § 241(a)(2)(C). The Board of Immigration Appeals affirmed the immigration judge's order. This timely petition for review followed.

Because the final agency order was entered after October 30, 1996, and deportation proceedings were initiated before April 1, 1997, this petition is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996).

II

Under the transitional rules, "there shall be no appeal permitted in the case of an alien who is … deportable by reason of having committed a criminal offense" enumerated in section 241(a)(2)(C) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1227(a)(2)(C). IIRIRA § 309(c)(4)(G). Thus, if Valerio–Ochoa committed one of the enumerated offenses and is charged with doing so in an Order to Show Cause served by the INS, we lack jurisdiction to consider his petition for review. *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1090 (9th Cir.2000). We do, however, have jurisdiction to determine our own jurisdiction under the transitional rules. *Scales v. INS,* 232 F.3d 1159, 1161 (9th Cir.2000).

In the context of IIRIRA § ·309(c)(4)(G), this means we have jurisdiction to decide whether Valerio–Ochoa has committed one of the offenses enumerated in 8 U.S.C. § 1227(a)(2)(C).[1]

Valerio–Ochoa argues that a conviction for violation of California Penal Code § 246.3 does not qualify as a predicate firearms offense under IIRIRA because (1) Congress did not intend to include negligent conduct as a qualifying offense, and (2) "pure" firearms offenses do not fall within the orbit of § 1227–that is, that § 1227 is limited to non-firearms offenses involving the use of firearms.

### A

The statute of which Valerio–Ochoa was convicted, discharging a firearm in a grossly negligent manner, provides:

> Except as otherwise authorized by law, any person who willfully discharges a firearm in a grossly negligent manner which could result in injury or death to a person is guilty of a public offense and shall be punished in the county jail not exceeding one year, or by imprisonment in the state prison.

California Penal Code § 246.3.

■ This statute was enacted to prevent revelers from discharging firearms on holidays such as New Year's Eve and Independence Day. *People v. Alonzo,* 13 Cal. App.4th 535, 539, 16 Cal.Rptr.2d 656 (1993). Nonetheless, California courts have found that a violation of this provision can constitute a "serious felony" for purposes of that state's "three strikes" law. *People v. Leslie,* 47 Cal.App.4th 198, 201, 54 Cal.Rptr.2d 545 (1996).

■ Valerio–Ochoa maintains that California Penal Code § 246.3 criminalizes negligent conduct, and therefore cannot constitute a predicate offense under IIRIRA. The California statute does not, however, criminalize purely negligent conduct; only "willful" discharges of firearms violate the statute, not negligent discharges.

■ The reach of 8 U.S.C. § 1227(a)(2)(C) is certainly broad enough to include such a statute. It provides, in relevant part, that *"[a]ny alien who at any time after admission is convicted under any law* of purchasing, selling, offering for sale, exchanging, *using,* owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) *in violation of any law is deportable."* 8 U.S.C. § 1227(a)(2)(C) (emphasis supplied). From a plain reading of the statute, it is clear that Congress intended to embrace the entire panoply of firearms offenses. As the Fourth Circuit noted in *Hall v. INS,* 167 F.3d 852, 855 (4th Cir.1999):

> Its comprehensive list of gerunds captures all varieties of conduct relating to firearms transactions. It includes inchoate as well as completed offenses, enumerating not only the sale, use, ownership, or possession of firearms, but also any attempt or conspiracy to do so. Finally, it encompasses convictions "under any law" of engaging or attempting to engage in such transactions. ˙ This wide-ranging text evinces an expansive purpose—to render deportable those aliens that commit firearms offenses of any type.

Clearly, under any fair reading, the act of "willfully discharg[ing] a firearm in a grossly negligent manner" in violation of

---

**1.** Valerio-Ochoa also claims that section 309(c)(4)(G) unconstitutionally violates the separation of powers requirement inherent in Article III of the United States Constitution. However, because the judicial review limitations of IIRIRA's transitional rules do not preclude us from considering the merits of Valerio-Ochoa's only substantive claim in this case—that is, his claim that his firearms offense does not render him "deportable"—Valerio-Ochoa does not have standing to challenge the constitutionality of those provisions. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102–04, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (an injury in fact is a constitutional prerequisite to Article III jurisdiction).

Cal.Penal Code § 246.3 qualifies as "using" a firearm under 8 U.S.C. § 1227(a)(2)(C).

## B

██ Valerio–Ochoa's argument that § 1227(a)(2)(C) does not encompass "pure" firearms convictions, but only those convictions in furtherance of another crime, is also not tenable. Indeed, the subsection title "Certain Firearms Offenses" belies the contention that firearms offenses are not embraced within its coverage. *See Zimmerman v. Oregon Dep't of Justice,* 170 F.3d 1169, 1175 (9th Cir.1999) (noting that section headings are tools available for statutory construction). Of course, the plain language of the statute does so as well: it includes a conviction in violation "of any law;" it does not restrict coverage to "any *other* law." Indeed, including a conviction "under any law" and further providing that use of the firearm also be "in violation of any law" supports the construction that Congress intended to include *both* "pure" firearms offenses and other crimes in which a firearm was employed.

Our sister circuits have construed § 1227 as reaching both "pure" firearms offenses and the use of firearms in connection with other crimes. *Hall,* 167 F.3d at 855–56 (making a false statement to a federally licensed firearms dealer is a deportable offense); *Berehe v. INS,* 114 F.3d 159, 161 (10th Cir.1997) (use of a firearm in connection with the crime of assault is a deportable offense); *Vue v. INS,* 92 F.3d 696, 701 (8th Cir.1996) (aggravated robbery constituted a deportable firearms offense when a weapon was used in connection with the crime); *see also Duldulao v. INS,* 90 F.3d 396 (9th Cir.1996) (upholding deportation under § 241(a)(2)(C) based on two unspecified firearms offenses in violation of Hawaii law).

Therefore, we conclude that § 1227 includes the listed firearms offenses regardless of whether another crime was committed.

## III

In summary, a conviction under Cal.Penal Code § 246.3 constitutes a deportable offense under 8 U.S.C. § 1227. Because Congress has withdrawn our jurisdiction to review directly deportations founded on the offenses enumerated in § 1227, we lack jurisdiction to consider this petition for review. IIRIRA § 309(c)(4)(G).

**PETITION DISMISSED.**