# Matter of Rogelio FLORES-ABARCA, Respondent

*Decided March 3, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The crime of transporting a loaded firearm in violation of title 21, section 1289.13 of the Oklahoma Statutes is categorically a firearms offense under section 237(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(C) (2012), even though the term "transporting" is not included in the Act, because section 237(a)(2)(C) is broadly construed to encompass all types of firearms offenses.

FOR RESPONDENT: Arthur Campbell Cooke, Esquire, Tulsa, Oklahoma

FOR THE DEPARTMENT OF HOMELAND SECURITY: Lynn G. Javier, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, WENDTLAND, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated December 1, 2015, an Immigration Judge found the respondent removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2012), as an alien who is present in the United States without being admitted or paroled after inspection, and denied his application for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2012). The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native and citizen of Mexico who entered the United States without inspection in 1988. The record reflects that he was convicted on January 20, 2004, of transporting a loaded firearm in violation of title 21, section 1289.13 of the Oklahoma Statutes. That section provides in relevant part that "it shall be unlawful to transport a loaded pistol, rifle or shotgun in a landborne motor vehicle over a public highway or roadway."

At a hearing before the Immigration Judge, the respondent conceded that he is removable, but he applied for cancellation of removal. The Immigration Judge determined that the respondent is ineligible for that relief pursuant to section 240A(b)(1)(C) of the Act because he has been convicted of a firearms offense under section 237(a)(2)(C) of the Act, 8 U.S.C. § 1227(a)(2)(C) (2012).

Section 237(a)(2)(C) of the Act provides as follows:

> *Any* alien who at *any* time after admission is convicted under *any* law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) in violation of *any* law is deportable.

(Emphases added.) The respondent argues that the crime of transporting a firearm does not include "possessing" or "carrying" and that Congress did not intend the transportation of a loaded firearm to be an offense within the scope of section 237(a)(2)(C). Whether transporting a loaded firearm under Oklahoma law is a firearms offense under the Act is a question of law that we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2016).

Section 237(a)(2)(C) uses the expansive term "any" and sets forth a "comprehensive list of gerunds [that] captures all varieties of conduct relating to firearms transactions." *Hall v. INS*, 167 F.3d 852, 855 (4th Cir. 1999). A plain reading of the statute makes "clear that Congress intended [it] to embrace the entire panoply of firearms offenses." *Valerio-Ochoa v. INS*, 241 F.3d 1092, 1095 (9th Cir. 2001).

The United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, has not addressed the breadth of section 237(a)(2)(C). However, other Federal courts of appeals have expressed the view that "Congress intended the provision to apply broadly." *Malilia v. Holder*, 632 F.3d 598, 602 (9th Cir. 2011); *see also Awad v. Gonzales*, 494 F.3d 723, 725−27 (8th Cir. 2007) (approving the Board's broad interpretation of section 237(a)(2)(C)). Specifically, the Second and Fourth Circuits have concluded that section 237(a)(2)(C) "is 'exceedingly broad' and 'evinces an expansive purpose—to render deportable those aliens that commit firearms offenses of any type.'" *Kuhali v. Reno*, 266 F.3d 93, 103 (2d Cir. 2001) (quoting *Hall*, 167 F.3d at 855).

Further, the terms "possessing" and "possess" in section 237(a)(2)(C) of the Act include constructive possession of a firearm. *Aybar-Alejo v. INS*, 230 F.3d 487, 489 (1st Cir. 2000) ("Constructive possession of an object occurs when an individual exercises dominion and control over such object even though it is not within his immediate physical possession."). The respondent knowingly and willfully transported a firearm in his vehicle. Okla. Unif. Jury Instructions CR 6-37A (stating that a person must "knowingly" and "willfully" transport a loaded firearm to be convicted under section 1289.13). Therefore, he necessarily had constructive "possession" of the firearm for purposes of section 237(a)(2)(C). *See United States v. Bass*, 404 U.S. 336, 340 (1971) (noting that "virtually all

transportations . . . involve an accompanying possession"); *United States v. Richards*, 967 F.2d 1189, 1195 (8th Cir. 1992) (stating that "the ordinary meaning of the term 'transport' . . . involv[es] an element of possession"); *cf. Malilia*, 632 F.3d at 604 (stating that possession of a firearm "is a necessary part" of its delivery); *Kuhali*, 266 F.3d at 104−05 (holding that exporting firearms "necessarily entails some degree of possession").

Moreover, it would be illogical to hold that unlawful possession of a loaded firearm would fall within the scope of section 237(a)(2)(C) but that unlawfully transporting the same weapon would not. *See Malilia*, 632 F.3d at 604 ("Congress did not write the law so that an alien who unlawfully possesses a firearm may be removed while an alien who possesses a firearm and then unlawfully delivers that firearm may not be removed."); *Kuhali*, 266 F.3d at 103 (stating that "it would be incongruous to read the statute to encompass" the possession of firearms but not their illegal export). *See generally Matter of Fajardo Espinoza*, 26 I&N Dec. 603, 606 (BIA 2015) (stating that the statutory scheme as a whole may require the unambiguous language of the Act to "yield . . . where absurd or bizarre results would otherwise ensue"). We therefore conclude that Congress intended the crime of transporting a loaded firearm to fall within the scope of section 237(a)(2)(C) of the Act.

The legislative history of section 237(a)(2)(C) of the Act supports our conclusion in this regard. Under former section 241(a)(14) of the Act, 8 U.S.C. § 1251(a)(14) (1988), only the crimes of "possessing or carrying" a firearm were a basis for deportation. Subsequent legislation expanded the deportable offenses to the current extensive list of crimes, as well as attempts and conspiracies to commit them. Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, § 203(b), 108 Stat. 4305, 4311; Immigration Act of 1990, Pub. L. No. 101-649, § 602(a), 104 Stat. 4978, 5080. As courts have noted, these revisions "stretched the scope of deportable firearms offenses" and expanded the statute's "reach." *Malilia*, 632 F.3d at 602−03; *see also Hall*, 167 F.3d at 856 (stating that the "obvious goal of each revision was to expand" the firearms-related grounds for deportation).

In light of the "expansive text and history" of section 237(a)(2)(C) of the Act, we conclude that the crime of transporting a loaded firearm under Oklahoma law is categorically a firearms offense under the Act. *Kuhali*, 266 F.3d at 103. We therefore agree with the Immigration Judge that the respondent's conviction renders him ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.