FILED

JAN 04 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ABDULRAQEB AHMED ABDO RAGEH, a.k.a. Basheer Abdo Mohammed Ahmed, | No. 08-74817 |
| Petitioner, | Agency No. A096-400-682 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Abdulraqeb Ahmed Abdo Rageh, a native and citizen of Yemen, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

Rageh fails to challenge the agency's dispositive determination that his asylum application was time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues that are not addressed in the argument portion of a brief are deemed waived). Accordingly, his asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination because Rageh omitted from his asylum application and declaration that he was jailed by local police in cooperation with his persecutors, *see Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008), and the agency reasonably rejected his explanation for the omission, *see Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Rageh's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Rageh's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence that shows it is more likely than not he would be tortured if returned to Yemen, his CAT claim also fails. *See id*. at 1156-57.

Finally, we lack jurisdiction to review the agency's discretionary decision to deny voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**