**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GUADALUPE VALENZUELA GARCIA,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>　　　　　　　Respondent. | No. 06-70543<br><br>Agency No. A070-917-665<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2012[**]
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and ADELMAN, District
Judge.[***]

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

　　　[***]　　The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Maria Valenzuela Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") denial of her application for cancellation of removal or, alternatively, voluntary departure. The scope of our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

**1.** Valenzuela Garcia first contends that the offense of which she was convicted, a violation of Cal. Welf. & Inst. Code § 10980(c)(2), was not a crime involving moral turpitude ("CIMT") that rendered her ineligible for cancellation of removal. Valenzuela Garcia exhausted her administrative remedies with respect to this claim. Although she did not mention the issue in her appeal to the BIA, the BIA still addressed it. That satisfied the exhaustion requirement. *See Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010).

On the merits, however, Valenzuela Garcia's argument is foreclosed by our decision in *Ferreira v. Ashcroft*, 390 F.3d 1091 (9th Cir. 2004), *abrogated on other grounds by Nijhawan v. Holder*, 129 S.Ct. 2294, 2302-03 (2009). In *Ferreira*, we held that the same provision that Valenzuela Garcia was convicted of violating, § 10980, contains an element of fraud. *Id.* at 1096-97. Such offenses are categorically CIMTs. *See Planes v. Holder*, 652 F.3d 991, 997-98 (9th Cir. 2011) (reaffirming the "longstanding rule that crimes that have fraud as an element . . .

2

are categorically crimes involving moral turpitude"). We therefore lack jurisdiction to review the order of removal against Valenzuela Garcia. *See* 8 U.S.C. § 1252(a)(2)(C).

**2.** Valenzuela Garcia also challenges the denial of her request for voluntary departure, as premised on the erroneous assumption that she had been convicted of an aggravated felony. The IJ's decision, however, rested on two independent grounds, the second of which was purely discretionary, and the BIA affirmed that discretionary decision. We lack jurisdiction to review challenges to discretionary denials of voluntary departure. 8 U.S.C. §§ 1252(a)(2)(B), 1229c(f); *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011).[1]

**PETITION FOR REVIEW DISMISSED.**

---

[1] Valenzuela Garcia requests attorney's fees pursuant to the Equal Access to Justice Act. But EAJA fees can only be awarded "to a prevailing party," 28 U.S.C. § 2412(d)(1)(A), which Valenzuela Garcia is not.