**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERMAN RICARDO ORTIZ-RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72630 <br><br> Agency No. A200-822-501 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

German Ricardo Ortiz-Ramirez, a native and citizen of El Salvador, petitions

for review of a Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying Ortiz-Ramirez's applications for adjustment

of status and voluntary departure.  We dismiss the petition for review.

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the agency's discretionary denial of adjustment of status or voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011) (voluntary departure); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006) (per curiam) (adjustment of status). Ortiz-Ramirez's contentions that the agency improperly relied on a probation report in its discretionary analysis and applied an incorrect discretionary standard to his case do not present colorable constitutional claims or questions of law sufficient to restore our jurisdiction under 8 U.S.C. § 1252(a)(2)(D) and are not supported by the record. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context , . . . the claim [or question] must have some possible validity." (internal quotation marks and citation omitted)).

We also lack jurisdiction to review Ortiz-Ramirez's contention that the agency misapplied the law by citing two uncharged arrests as adverse discretionary factors, because Ortiz-Ramirez failed to raise this issue in his appellate brief to the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DISMISSED.**