**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR SAUL AGUILAR-ZAMORA, | No. 09-72865 |
| Petitioner, | Agency No. A029-135-696 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Oscar Saul Aguilar-Zamora, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals'("BIA") order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's determination that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an alien was convicted of a particularly serious crime. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012). We review de novo questions of law, and review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part, and dismiss in part the petition for review.

Aguilar-Zamora conceded that his 1993 conviction for assault with a deadly weapon under California Penal Code § 245(a)(1), for which he was sentenced to two years of imprisonment, is an aggravated felony. The agency did not abuse its discretion in not considering whether Aguilar-Zamora poses a danger to the community in its determination that his aggravated felony was a particularly serious crime rendering him ineligible for withholding of removal where the agency is no longer required to engage in a separate determination of the danger an alien poses to the community. *See* 8 C.F.R. § 1208.16(d)(2); *Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010); *see also Matter of N-A-M-,* 24 I. & N. Dec. 336, 342 (BIA 2007) ("[T]he proper focus for determining whether a crime is particularly serious is on the nature of the crime and not the likelihood of future serious misconduct.").

09-72865

Substantial evidence supports the agency's determination that Aguilar-Zamora failed to establish that it is more likely than not that he would be tortured if he returned to El Salvador. *See Wakkary*, 558 F.3d at 1067-68.

The agency did not err in determining that Aguilar-Zamora is ineligible for special rule cancellation under section 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA") due to his aggravated felony conviction. *See* 8 C.F.R. § 1240.66(a) (aggravated felony bar to special rule cancellation of removal); *Ortiz v. INS*, 179 F.3d 1148, 1154 n.7 (9th Cir. 1999) (relief under NACARA is unavailable to those who have been convicted of an aggravated felony).

We lack jurisdiction to review the agency's determination that Aguilar-Zamora did not merit voluntary departure as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011).

Aguilar-Zamora's contention that the BIA's streamlined decision failed to provide a reasoned basis for its conclusions is belied by the record.

Aguilar-Zamora's August 2, 2010, motion to supplement the record is granted.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**