**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL DE JESUS MORALES LOPEZ and DORA ALBERTINA DELEON MORALES, | No. 08-74866 |
| Petitioners, | Agency Nos.     A073-220-464 <br> A077-847-251 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2013[**]
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and ZILLY, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Thomas S. Zilly, Senior United States District Judge
for the Western District of Washington, sitting by designation.

Manuel Morales Lopez and Dora DeLeon Morales appeal from a decision by the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture. Their joint application rests on an attack Lopez claims he suffered in Guatemala. After identifying material inconsistencies between descriptions of the attack Lopez provided in his application, at his asylum interview, and at his merits hearing, the IJ determined that Lopez was not credible and denied both petitioners relief.

The IJ's adverse credibility determination was supported by substantial evidence that Lopez testified inconsistently about events that formed the basis of the petitioners' asylum claim. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). The IJ provided Lopez the opportunity to explain his inconsistencies and addressed why his explanations were unpersuasive. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir. 2009). Lopez argues that the IJ placed too much weight on the absence of corroborating testimony from his brother, but even according this potential basis for an adverse credibility finding no weight, the other grounds for the IJ's adverse credibility decision were supported by substantial evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).

The petitioners also seek review of the IJ's decision to deny voluntary

2

departure. We lack jurisdiction to review the grant or denial of voluntary departure. 8 U.S.C. § 1229c(f); *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010). Although we may review questions of law related to voluntary departure, the IJ's decision was discretionary as to both petitioners and presents no questions of law. *Gil v. Holder*, 651 F.3d 1000, 1003 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.**