**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE PABLO VASQUEZ-RIVERA, | No. 11-70773 |
| Petitioner, | Agency No. A089-840-053 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Jose Pablo Vasquez-Rivera, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") denial of his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

evidence the agency's continuous physical presence determination. *Ibarra-Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Vasquez-Rivera did not demonstrate the requisite ten years of continuous physical presence in the United States. *See* 8 U.S.C. § 1229b(d)(2) (departure in excess of 90 days or for any periods in the aggregate exceeding 180 days breaks continuous physical presence).

Because Vasquez-Rivera's failure to demonstrate continuous physical presence is dispositive, we need not reach his contentions regarding the IJ's hardship determination. *See* 8 U.S.C. § 1229b(b)(1); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir. 2003) ("[c]ancellation of removal . . . is based on statutory predicates that must first be met"); *cf. Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (holding that where requirements for relief "are conjunctive, failure to meet any one of them is fatal").

We lack jurisdiction to review the agency's discretionary determination that Vasquez-Rivera did not merit voluntary departure. *See* 8 U.S.C.§ 1252(a)(2)(B)(i); *Gil v. Holder,* 651 F.3d 1000, 1006 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-70773