**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABINO VEGA-JIMENEZ, | No. 12-70223 |
| Petitioner, | |
| | Agency No. A073-915-578 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Gabino Vega-Jimenez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his request for a continuance and

denying his motion to remand.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Vega-Jimenez's request for a continuance where he failed to show good cause. *See id.* at 1012.

To the extent Vega-Jimenez challenges the agency's determination that he did not merit voluntary departure as a matter of discretion, we lack jurisdiction to review this determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011).

We also lack jurisdiction to review the BIA's determination that the evidence Vega-Jimenez submitted with his motion to remand would not alter the prior discretionary determination denying voluntary departure. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard." (internal quotations and brackets omitted)); *see also Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005) (A motion to reopen filed while

2                                                              12-70223

an appeal is pending before the BIA is treated as a motion to remand to the IJ for further proceedings).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**