**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTUARDO CARRATO CUEVAS,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-73767<br><br>Agency No. A087-682-763<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Estuardo Carrato Cuevas, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal, protection under the Convention Against Torture ("CAT"), and voluntary

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that the anonymous letters demanding money and threatening death that Carrato Cuevas' family received did not constitute persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005); *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats "constitute[d] harassment rather than persecution"). The BIA did not rely on a lack of corroboration in making this finding.

Further, substantial evidence supports the agency's finding that Carrato Cuevas failed to establish it is more likely than not that he will be persecuted in Guatemala considering his mother and siblings remain in Guatemala unharmed. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, considering similarly-situated family members continue to live in the country without incident"), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). We reject Carrato Cuevas's contention that the BIA's decision contained significant errors of analysis. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th

Cir. 2000) (requiring error to prevail on a due process claim). Thus, Carrato Cuevas's withholding of removal claim fails.

Substantial evidence supports the BIA's denial of Carrato Cuevas' CAT claim because he failed to show it is more likely than not that he would be tortured at the instigation of or with the consent or acquiescence of a member of the Guatemalan government. *See Wakkary v. Holder*, 558 F.3d 1056, 1067-68 (9th Cir. 2009).

Finally, with respect to voluntary departure, we do not address Carrato Cuevas's challenge to the IJ's finding. *See Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (Where BIA conducts its own review of evidence and law rather than adopting the IJ's decision, this court's "review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.") (internal quotation marks omitted). We lack jurisdiction to review the BIA's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011) (court lacks jurisdiction to review discretionary denial of voluntary departure where no legal question was raised).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**