**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL HERMAN VELASCO-ORELLANA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72355 <br><br> Agency No. A075-785-810 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Saul Herman Velasco-Orellana, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003).  We deny in part and dismiss in part the petition for review.

Velasco-Orellana presented evidence that guerrillas randomly attempted to forcibly recruit him to fill their ranks and later threatened him because he had run away.  Substantial evidence supports the BIA's finding that Velasco-Orellana failed to establish past harm or a fear of future harm on account of a protected ground.  *See INS v. Elias Zacarias*, 502 U.S. 478, 482-83 (1992).  We lack jurisdiction to consider Velasco-Orellana's social group claim, because he did not exhaust this contention before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to consider issue that have not been administratively exhausted).  Further, in light of our nexus determination, we do not address Velasco-Orellana's contention regarding the severity of his past harm.  Thus, Velasco-Orellana's asylum claim fails.

Because Velasco-Orellana has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the denial of CAT relief because Velasco-Orellana failed to establish that it is more likely than not he will be tortured by or with the consent or acquiescence of a government official if he returns to El Salvador. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

Finally, we lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1229c(f); *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**