FILED

JUL 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LENORD JOVIN, | No. 07-73799 |
| Petitioner, | |
| | Agency No. A095-891-198 |
| v. | |
| | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014 **

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges

Lenord Jovin, a native and citizen of Haiti, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from the

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We dismiss in part and grant in part the petition for review, and we remand.

We lack jurisdiction to consider Jovin's challenge to the BIA's denial of voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011) (court lacks jurisdiction to review discretionary denial of voluntary departure where no legal question raised).

Substantial evidence does not support the agency's finding that Jovin's asylum application omitted reference to receiving threats before June 18, 2002. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000) (reversing where IJ's determination that testimony and application were inconsistent was not supported by the record.). Substantial evidence also does not support the agency's finding that Jovin's testimony regarding his father's death is contradicted by a report in the record. *See id.* Accordingly we grant the petition for review and remand Jovin's asylum, withholding of removal and CAT claims on an open record for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009). Each party shall bear its own costs for this petition for review.

07-73799

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part,**

**REMANDED.**