**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



HAURIN ESTUARDO ROMAN
GONZALEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-73285

Agency No. A071-589-375

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Haurin Estuardo Roman Gonzalez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's order of removal.  Our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C § 1252. We review de novo questions of law, *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Roman Gonzalez's unexhausted challenges to the agency's denial of his applications for asylum and special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

We also lack jurisdiction to review the BIA's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1229c(f); *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011), *overruled on other grounds by Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013).

The BIA did not err or violate due process by limiting its review to those issues that Roman Gonzalez raised on appeal to the BIA. *See Abebe,* 432 F.3d at 1041 ("The BIA is presumably aware of its ability to decline to review an argument when a petitioner has not properly raised the argument on appeal to the BIA.").

12-73285

To the extent Roman Gonzalez raises an ineffective assistance of counsel claim, this claim must first be exhausted before the agency. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We . . . require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**