**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MANUEL CORLETO, AKA Jose Manuel Corleto, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-72250 <br><br> Agency No. A094-448-803 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2015[**]
Pasadena, California

Before: FARRIS, TASHIMA, and BYBEE, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and

we do not repeat them here. The Board of Immigration Appeals affirmed the

immigration judge's decision that petitioner Jose Manuel Corleto was not entitled

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to (1) withholding of removal, (2) relief under the Convention Against Torture, or (3) voluntary departure. We agree with the BIA's determinations and deny Corleto's petition for review.

A. *The BIA did not abuse its discretion when it found Corleto was barred from seeking withholding of removal*

The BIA denied Corleto's request for withholding of removal because he was convicted of a violation of California Penal Code § 288(c)(2), which the BIA found qualified as a particularly serious crime. Section 1231(b)(3)(B)(ii) of Title 8 disqualifies an alien from obtaining withholding of removal if that "alien having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States." To determine whether a prior conviction is particularly serious, the court "examine[s] the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction." *Matter of N-A-M-*, 24 I. & N. Dec. 336, 338 (BIA 2007). "A particularly serious crime determination is inherently discretionary and is to be reviewed under the abuse-of-discretion standard." *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) (internal quotation omitted).

Corleto raises two arguments against the BIA's "particularly serious crime" determination: (1) the BIA ignored relevant information in the record, and (2) it

2

relied on California Penal Code § 288(c)(2)'s legal elements to effectively turn any violation of this statute into a per se particularly serious crime.

The BIA applied the correct factors, considered all of the relevant information, and did not treat Corleto's conviction as a per se particularly serious crime. The BIA considered Corleto and his brother's testimony, including Corleto's admission that he abused his position of authority to commit a crime against an elderly person because he was "desperate." It considered the nature of the crime he was convicted of: lascivious acts against a dependent person. It considered the fact that Corleto was sentenced to five years of probation and 144 days in jail. The BIA weighed all of this evidence and concluded that Corleto had committed a particularly serious crime barring withholding of removal. It did not abuse its discretion in doing so.

B. *Substantial evidence supports the BIA's denial of relief under the Convention Against Torture*

To qualify for relief under the CAT here, Corleto must show it is "more likely than not that he . . . would be tortured if removed" to his home country of El Salvador. 8 C.F.R. 22 § 1208.16(c)(1) and (2) (2013); *see Unuakhaulu v. Ashcroft,* 416 F.3d 931, 939 (9th Cir. 2005). He must also show that this torture will be "intentionally inflicted . . . by or at the instigation of or with the consent or

acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); 8 C.F.R. § 1208.16(c)(3).

We review the BIA's findings under the Convention Against Torture for substantial evidence. *See* INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B) (2012); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We uphold these findings "unless the evidence compels a contrary result." *Gallegos-Vasquez v. Holder*, 636 F.3d 1181, 1184 (9th Cir. 2011).

In finding that Corleto had failed to meet his burden to show he would more likely then not be tortured with the acquiescence of his home country, the BIA considered all of the relevant evidence in the record—including Corleto's testimony, the past threats against him, the country reports, and the harm inflicted on his family. The BIA found important that the "government does attempt to control gangs and prosecute them," and that the El Salvodorian authorities apprehended the perpetrators who attacked Corleto's family, which "is evidence that the government would not consent in the torture of [Corleto] by the gangs." Substantial evidence supports the BIA's finding that Corleto failed to establish the El Salvadorian government would acquiesce to future torture against him.

*C.   The BIA's discretionary denial of voluntary departure is not subject to judicial review*

We have recognized that "[t]he Illegal Immigration Reform and Immigrant Responsibility Act abolished [our] authority to review discretionary grants and denials of voluntary departure." *Gil v. Holder*, 651 F.3d 1000, 1003 (9th Cir. 2011) (internal quotation omitted). Thus, we can only review questions of law inherent in the BIA's denial of voluntary departure. *Id.* at 1003.

Corleto's challenge to the BIA's denial of voluntary departure is, in essence, a challenge to the BIA's exercise of discretion which, as we have explained above, we are not authorized to review. To the extent that Corleto attempts to recast a "traditional abuse of discretion challenge[]" as a legal challenge, his claims are not sufficiently colorable to invoke our jurisdiction. *See Martinez-Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005).

We **DENY** Corleto's petition for review with respect to his claims for withholding of removal and under the Convention Against Torture. We **DISMISS** Coreleto's petition for review with respect to his claim for voluntary departure.