**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIDEL BENITEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-72561 <br><br> Agency No. A093-468-262 <br><br><br> MEMORANDUM[*] |
| FIDEL BENITEZ, AKA Fidel Benitez-Lopez, AKA Fidel Lopez, AKA Fidel B. Lopez, AKA Fidel Lopez-Benitez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-74015 <br><br> Agency No. A093-468-262 |

On Petitions for Review of Orders of the
Board of Immigration Appeals

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 4, 2016[]
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

Fidel Benitez petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his applications for cancellation of removal, relief under the Convention Against Torture (CAT), asylum, and withholding of removal. He brings a separate petition for review of the BIA's denial of his untimely motion to reopen based on ineffective assistance of counsel and changed country conditions. We deny both petitions.

**1.**     We do not have jurisdiction to review Benitez's claim for cancellation of removal. The IJ denied Benitez's petition for discretionary cancellation of removal on two grounds. The IJ first ruled that Benitez's third conviction for driving under the influence of alcohol was a crime involving moral turpitude. The IJ additionally concluded that Benitez "was not successful in meeting his burden of establishing good moral character" due to his repeated DUI offenses. The BIA affirmed, agreeing with the IJ that Benitez's repeated offenses "indicate[] a lack of good moral character," and declined to reach the issue of whether he had been convicted for a crime involving moral turpitude.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Where the BIA explicitly adopts only one of the grounds relied upon by the IJ, our review is limited to the ground adopted by the BIA. *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011), *abrogated on other grounds by Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). Thus, like the BIA, we do not reach whether Benitez's conviction constituted a crime involving moral turpitude. The BIA's affirmance of the denial of cancellation of removal is based on the IJ's finding that Benitez lacked good moral character, a decision that we do not have jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006).

**2.** The BIA properly affirmed the denial of Benitez's claim for CAT relief. Generalized evidence of violence and crime in Mexico that is not particular to Benitez is insufficient to meet the standard that he is more likely than not to be tortured. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**3.** The BIA properly affirmed the denial of Benitez's claim for asylum. To qualify for asylum, a petitioner must have "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Returning Mexicans from the United States "is too broad to qualify as a cognizable social group." *Delgado-Ortiz*, 600

3

F.3d at 1151–52. Benitez's desire to be "free from harassment by criminals motivated by theft or random violence by gang members" that "bears no nexus to a protected ground" is insufficient to establish eligibility for asylum. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

4.      Benitez's failure to satisfy the standard for asylum means that he also failed to satisfy the more stringent standard for withholding of removal. *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015).

5.      The BIA did not abuse its discretion in denying Benitez's untimely motion to reopen based on allegations of ineffective assistance of counsel. Under ordinary circumstances, the BIA does not abuse its discretion when it denies a motion to reopen because the petitioner has not met the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). *Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000).

Strict compliance with *Lozada* is not required where the "face of the record shows a clear and obvious case of ineffective assistance of counsel." *Id.* at 526. This is not the case here. Benitez's entire argument for ineffective assistance is that his counsel failed to file a hardship application for his oldest daughter before she turned twenty-one. Any failure of counsel on this score was not prejudicial. *See Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009). Benitez's counsel

4

did file hardship applications for his other five children, but the IJ never reached the question of hardship because he denied cancellation on moral character grounds. The outcome would not have been different had Benitez filed six hardship applications instead of five.

**6.** The BIA did not abuse its discretion in denying Benitez's untimely motion to reopen based on allegations of changed country conditions. The evidence that Benitez presented was news coverage of generalized human rights abuses and police corruption in Mexico. Even if this evidence was sufficient to show changed country conditions, it is still neither particular to Benitez nor related to a protected ground. Thus, the motion to reopen does not show that Benitez now has a legitimate claim for relief. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2007).

**PETITIONS DISMISSED IN PART AND DENIED IN PART.**