FILED

**NOT FOR PUBLICATION**

JAN 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO YARZA-GUTIERREZ, | No. 13-73184 |
| Petitioner, | Agency No. A077-075-439 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Guillermo Yarza-Gutierrez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings and we review de novo due process challenges to immigration proceedings.  *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

We reject Yarza-Gutierrez's contentions that the IJ's conduct during proceedings violated due process.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The record does not compel the conclusion that Yarza-Gutierrez established changed circumstances to excuse the untimely filing of his asylum application.  *See* 8 C.F.R. § 1208.4(a)(4); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008).  We reject Yarza-Gutierrez's contentions that the BIA failed to address arguments on appeal or failed to adequately explain its decision.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).  Thus, Yarza-Gutierrez's asylum claim fails.

Substantial evidence supports the agency's determination that Yarza-Gutierrez failed to establish past persecution or a fear of future persecution on account of a protected ground.  *See Zetino*, 622 F.3d at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by

gang members bears no nexus to a protected ground."); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, Yarza-Gutierrez's withholding of removal claim fails.

In addition, substantial evidence supports the agency's denial of CAT relief because Yarza-Gutierrez failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to review the agency's discretionary denial of Yarza-Gutierrez's application for voluntary departure where Yarza-Gutierrez presents no question of law that would invoke our jurisdiction. *See Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011), *abrogated on other grounds by Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**