**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HECTOR RODOLFO QUINTEROS ZAVALA, AKA Hector R. Quinteros, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 15-71693 Agency No. A094-307-391 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2018
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and VITALIANO,** District Judge.

Hector Rodolfo Quinteros Zavala ("Quinteros"), a native and citizen of El

Salvador, petitions for review of an order of the Board of Immigration Appeals

("BIA") affirming the denial of his application for withholding of removal under 8

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

U.S.C. § 1231(b)(3)(A).  We deny the petition in part and dismiss it in part.

**1.**  The agency's adverse credibility determination was supported by substantial evidence.  The BIA properly concluded that the immigration judge ("IJ") did not clearly err in making an adverse credibility determination on the basis of an inconsistency in Quinteros's testimony and a material omission of fact from Quinteros's initial statement in support of his application for withholding of removal.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *id.* § 1231(b)(3)(C).  Although Quinteros offered plausible explanations for the inconsistency and factual omission, the IJ reasonably rejected those explanations.  *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).  Absent Quinteros's credible testimony, the other evidence in the record was insufficient to carry his burden of proving he was eligible for relief.

**2.**  The BIA did not err in rejecting Quinteros's Fifth Amendment due process claim of ineffective assistance of counsel.  First, Quinteros did not comply with the procedural requirements set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).  Second, even if we were to excuse non-compliance with the *Lozada* requirements, Quinteros has not established that his former counsel's alleged conflict of interest in representing Quinteros's brother in removal proceedings before the same IJ resulted in

prejudice.[1]  In addition, counsel's failure to obtain certified translations, and lay a proper foundation, for certain documents did not prejudice Quinteros because, despite any foundational shortcomings, the IJ nonetheless considered those documents in his oral decision.

**3.**  The IJ did not violate Quinteros's due process rights by failing to recuse himself sua sponte.  The record does not demonstrate that the IJ had a "personal . . . bias stemming from" his knowledge of Quinteros's brother's removal proceedings, over which the IJ also presided.  *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 925 (9th Cir. 2007) (quoting *Matter of Exame*, 18 I. & N. Dec. 303, 306 (BIA 1982)).  To the contrary, the IJ expressly stated that he did not know whether he could remember Quinteros's brother's case, and that he was not "making . . . any connections" or "prejudging anything."

**4.**  We lack jurisdiction to review Quinteros's remaining claims.  First, Quinteros argues that the IJ violated his due process rights by failing to consider all of the evidence in the record.  Because the BIA could have corrected any such

---

[1] We do not need to decide whether, in the context of a Fifth Amendment due process challenge, prejudice is presumed where an actual and concurrent conflict of interest exists.  *Cf. Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (1980) (Sixth Amendment context).  We conclude that an "actual" conflict is not at issue here because Quinteros has not demonstrated that his former counsel's alleged conflict of interest "adversely affect[ed] [his] performance."  *Rowland v. Chappell*, 876 F.3d 1174, 1191 (9th Cir. 2017) (quoting *Mickens v. Taylor*, 535 U.S. 162, 171 (2002)).

3

procedural error by remanding for the IJ to consider all of the evidence, Quinteros was required to raise this claim before the BIA in the first instance. *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam). By failing to do so, Quinteros did not exhaust administrative remedies and thus we lack jurisdiction to consider this claim. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). Second, Quinteros also failed to exhaust administrative remedies as to his claim for relief under the Convention Against Torture ("CAT"). The BIA properly declined to consider that claim on the ground that Quinteros expressly waived it before the IJ. Finally, we lack jurisdiction to review the IJ's discretionary denial of Quinteros's application for voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011), *overruled on other grounds by Moncrieffe v. Holder*, 569 U.S. 184 (2013).

**PETITION DENIED IN PART; DISMISSED IN PART.**